UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
UNITED STATES OF AMERICA,              :
                                       :
                                       :      18 Cr. 637-1 (JSR)
         -v-                           :
                                       :      MEMORANDUM ORDER
                                       :
KENNY PENA,                            :
                                       :
                                       :
    Defendant.                         :
---------------------------------------x

JED S. RAKOFF, U.S.D.J.

Before the Court is the motion of defendant Kenny Pena for
compassionate release, pursuant to 18 U.S.C. § 3582 (c)(1)(A).
Pena is currently serving a 7-year sentence of imprisonment
following his guilty plea in 2019 in this Court for using,
carrying, and brandishing a firearm in relation to an attempted
Hobbs Act robbery. He is incarcerated at FCI Danbury and set to be
released in 2024.

Pena, who is 34 years old, now contends that, in light of the
coronavirus pandemic, his history of asthma justifies his
immediate release or, in the alternative, home confinement. The
Government opposes. For the reasons set forth below, the motion is
denied.

As mentioned, Pena seeks a sentence reduction pursuant to 18
U.S.C. § 3582(c)(1)(A). "A Court evaluating a motion under this
statute must ask four questions: (1) has the defendant complied

1

with the administrative exhaustion requirement, (2) has the defendant shown extraordinary and compelling reasons warranting a sentence reduction, (3) are the 18 U.S.C. § 3553(a) sentencing factors consistent with a lesser sentence than that previously imposed, and (4) is there a particular sentence reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons." United States v. Garcia, --- F. Supp. 3d ---, 2020 WL 7212962, at *2 (S.D.N.Y. Dec. 8, 2020). In this case, the Court holds that Pena has failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction, and therefore does not reach the other questions.[1]

"Since the onset of the coronavirus pandemic, courts have consistently held that the presence of underlying health conditions that increase the risks associated with COVID-19 can constitute extraordinary and compelling reasons for a sentence reduction." United States v. Rodriguez, No. 00-cr-761-2 (JSR), --- F. Supp. 3d ---, 2020 WL 5810161, at *3 (S.D.N.Y. Sept. 30, 2020). Here, Pena points to his history of asthma, which he says has been exacerbated by certain cleaning products that FCI Danbury

---

[1]   While the Government disputes that Pena has satisfied the administrative exhaustion requirement, that requirement is not jurisdictional. See United States v. Haney, 454 F. Supp. 3d 316, 320 (S.D.N.Y. 2020). Because the Court denies the motion on other grounds, the Court need not and does not address the exhaustion requirement here.

has employed to fight a scabies outbreak in the facility. Def.
Mem. at 3-4. Pena also contends that FCI Danbury has failed to
control the spread of the virus, which to date has infected over
170 inmates, at least 95 of whom remain infectious, along with
nearly 70 staff members.[2]

There is no denying that FCI Danbury has failed to contain
the virus. But the Court is not persuaded that Pena's underlying
health conditions constitute an extraordinary and compelling
reason for release. According to the Center for Disease Control
("CDC"), certain diseases -- like cancer or diabetes --
definitively put people at an increased risk for severe illness
from the virus that causes COVID-19.[3] Inmates, especially older
inmates, who suffer from one of these enumerated conditions are
routinely found to have demonstrated an extraordinary and
compelling reason for release; indeed, the Government often
concedes as much. See, e.g., id. at *3 ("As the Government itself
concedes, [obesity and diabetes] satisfy the extraordinary and
compelling reason threshold.") (internal quotation marks and
alterations omitted). By contrast, according to the CDC, "moderate
to severe asthma" "may," but will not definitely, subject someone

---

[2]     BOP: COVID-19 Update, https://www.bop.gov/coronavirus/
(last accessed Dec. 20, 2020).

[3]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
precautions/people-with-medical-conditions.html.

to heightened risk. Thus, especially where there is evidence that

the asthma is well-controlled, courts will decline to find that

asthma constitutes an extraordinary and compelling reason for

release. See, e.g., United States v. Christie, No. 15-cr-288 (RMB),

2020 WL 3969962, at *2 (S.D.N.Y. July 14, 2020) ("Although [the

defendant] has been diagnosed with asthma, his medical records

demonstrate that his asthma is well-controlled. Accordingly, [the

defendant] has not carried his burden of demonstrating

'extraordinary and compelling reasons' justifying release."

(cleaned up)).

As the Government points out, BOP records indicate that Pena's

asthma is "well controlled," and that "no asthma exacerbations

have been documented in the past year." Gov. Mem. at 6. Even if,

as the defense represents, the cleaning products associated with

the scabies outbreak "have worsened [Pena's] asthmatic condition,"

Def. Mem. at 3, the Court finds that Pena, an otherwise healthy

34-year-old, has failed to demonstrate extraordinary and

compelling reasons for release. For that reason, his motion must

be denied.

The Clerk of the Court is directed to close the entry at

docket number 63.

SO ORDERED.

Dated: New York, NY
       December 21, 2020

United States District Judge